Thank you for allowing me to appear remotely in the midst of a 5-week RICO trial in Bridgeport in the federal district where I would much rather be in New York. This is a fellow who had a guideline range of 21 to 27 months. Can we increase the volume just because there's some trouble hearing? Okay, thank you. Go ahead. He expected that he was going to be at a concurrent time with his state parole violation. He ended up getting an above-guideline sentence and was granted consecutively to a state parole violation. His attorney from the district court filed briefs in this court. He then, to let the attorney be relieved, he appointed a briefs in this court. So your honors had to read two sets of briefs and two sets of briefs from the government, and I thank you for your double duty. I think the most interesting issue that we raise is the question of whether this is a situation that should have been determined under section 5G1.3B of the guidelines. So 5G1.3B of the guidelines, as you know, B provides advice to the district judge that currently with the other offense on which the defendant is serving time, D gives the judge discretion to run a currently consecutively or a little bit of each. So the question is- Mr. Donovan, excuse me, Mr. Donovan. The guidelines are advisory now in any event, right? Yeah. And so the district court has discretion in deciding how closely to abide by the recommendations made in the guidelines. And it seems to me that you're really making kind of a substantive unreasonableness argument here based on what Mr. Somerville's expectations were and how the district court explained himself. Is that a misconception on my part? Well, yes and no, Your Honor. While the guidelines advisory, just in dealing with the question of did the district judge properly calculate the guidelines? That is, did he make an error in the offense level? Even for the guidelines of advisory, that question is still a question for this court to determine. So I guess you would say that if the district court misunderstood the guidelines, then maybe that would be a problem. But did the district court misunderstand the guidelines? So the guideline you're talking about applies when the unfinished term of imprisonment resulted from another offense that is relevant conduct. And we've said pretty clearly in Garcia-Hernandez and other cases that when you have a parole violation, the unfinished state sentence resulted from the offense for which he was first imprisoned, right? So doesn't that control? It's not the parole violation that is the conduct that resulted in the state sentence. It is his state offense. Yeah, that's the problem for me, and it's the way that I respond to it. First of all, yeah, maybe I can't respond to it, but this is the best I can do. Garcia-Hernandez and Furman hold exactly what you were going to say. That is, that the, it's the offense that caused the parole to be imposed that is the underlying, that is the offense that we look at. What I say is, first of all, those cases were decided with the aversion of the guy. You are frozen. Are you frozen? Is he frozen on your list? Yes, he's breaking up. You're breaking up a little bit. So why don't you say, just your last, start from your last thoughts. Sure. The, if I can think, if I can remember my last thoughts. Were you responding to the apology? These cases, yeah. Go ahead. These cases were decided under an earlier version of the guidelines. I'm not sure that makes, that's a distinction that makes a difference. But what I say is, I don't see any reason why both offenses, why the court can't look at both offenses. That is, both the offense that gave rise to the imposition of probation of parole and the offense that caused the parole to be violated. The court can look at both. Sorry, Mr. Donovan. The court obviously can look at both offenses. The court can consider whatever it wants, right?  So you're conceding, I think, that our precedent says that the guideline when it refers to the offense that caused the unfinished state sentence is the offense for which he was originally in prison. But here the district court said, you know, I'm mindful of the state sentence when I'm deciding to impose this consecutively. The district court was aware that it was the same conduct that was the parole violation that was the federal offense. So even if the district court is allowed to consider both, the district court, in fact, did that, did it not? Well, the district court certainly imposed a sentence under the T section of the guideline and did not feel that the guideline, that the B section of the guideline, which advised it to sentence concurrently, was applicable. And you're right, as the law stood when the district court sentenced, your precedent holds exactly what you say it holds. What I'm saying is that you can, without overruling a prior panel of this court, say, no, it includes both. It includes both the underlying offense and the- Well, wouldn't that be contrary to Garcia Hernandez, which said that the offense to which the guideline is referring is the offense that resulted in the state conviction? The parole to be violated. So anyway, that's as was, as was under that. So I don't think it would be, I don't think it would be overruling it. I think- If you're talking now, we're not hearing it. If you're talking now, we can't hear it. That says that the, that the, that the, Hernandez says that it's the offense that gave rise to the, that the offense that, on which the parole was based, that you look at, and I'm hoping that you'll say, well, it's both. It could be both. In any case. And the second, the second argument we made is that although the district court clearly gave its reasons for imposing a sentence above the guidelines, it didn't at all give its reasons for imposing a sentence that was- I don't know if you can hear me. I can't hear you. Okay, so sorry. So your argument you're talking about now is that the district court inadequately explained why the sentences were consecutive. Is that what you're saying? That's right. Yes, your honor. And I can hear you perfectly, and I'm sorry that you can't hear me. But let me- Yes, your honor. And, you know, the considerations as to whether- But, you know, the district court referred to the policy of the guidelines and application note 4C that talks about having them consecutive. I mean, that is a rationale for imposing them consecutively, right? And all of his reasons for giving an above-guideline sentence would also apply to the reasons for imposing a consecutive sentence, would they not? Well, that's exactly the question that was presented. Did he need to take a look at those factors that are set forth in the commentary to the guideline, which are different from the factors of our sentencing statute? You're saying not merely take a look, but explain why he made the choice he did. Is that right, specifically? Yes, your honor. He did give a fairly robust explanation about his concerns about your client's gun convictions and arrests over time, right? Well, that's robust, your honor. In any case, those are our arguments. And for those reasons, I hope that your honor will vacate the sentence and send it back. Okay, thank you very much, Mr. Donovan. You've reserved time for rebuttal, so we'll hear from you again. But let's turn to the government. Mr. Crooley. Thank you, your honor. May it please the court, my name is Charles Crooley, and I represent the United States. Your honors, the appellant has not shown that the district court erred by applying guideline 5G1.3D rather than 5G1.3B. And the record below shows the district court understood and considered the statutory factors that guidance discretion compose a consecutive rather than a concurrent sentence. So I'd like to briefly discuss guideline 5G1.3. I think Mr. Donovan has largely conceded that this court's precedent in Garcia-Hernandez controls, and because the appellant's prior conviction, his parole revocation conviction, resulted from his underlying state offense, were not operating under 5G1.3, 5G1.3B. Mr. Donovan's distinction is that Garcia-Hernandez was decided under an earlier version of guideline 5G1.3B, which it was. But I think the amendments that the commission made to guideline 5G1.3 put a finer point in why that guideline does not apply here. The amended version of 5G1.3B still uses the phrase results from, offense resulting from, which is the operative phrase this court found persuasive in Garcia-Hernandez. But more to the point, the amended version of guideline 5G1.3B included the phrase relevant conduct to describe the necessary relationship between the undischarged term of imprisonment and the defendant's current federal offense. How relevant conduct is conduct relevant that relates to the later offense? In other words, an offense seven years earlier was not relevant conduct. That's correct, Your Honor. It has to be part of the same course of conduct, right? It's got to be the same course of conduct. That's exactly correct. But what about Mr. Donovan's argument that here the state sentence resulted from both the earlier state conviction as well as the parole violation because he wouldn't be put into prison but for the parole violation, and why shouldn't we take account of that? Maybe as a legal matter it results from the prior conviction, but as a factual matter, which is what the relevant conduct analysis turns on, the convictions are not relevant conduct. Well, if we did think that the parole violation was one of the offenses that resulted in the state sentence, that would be relevant conduct, right? Because it's the same conduct that was the federal offense that was the parole violation. Your Honor, I think what's important here is to recall and look at how the guidelines define the term relevant conduct in guideline 1.3. So it's a variety of acts or omissions that can expand or contract, but what's important is that those acts or omissions must, quote, have occurred during the commission of the offense of conviction and preparation for that offense or in the course of attempting to- But they did, right? So I'm saying, assuming Mr. Donovan's argument is available, that we can say that both the earlier state conviction as well as the parole violation is what resulted in the state conviction. Then here, the federal offense conduct as being a felon in possession, the parole violation was being caught as a felon in possession. So it's the same conduct, right? So if we did incorporate the parole violation itself as part of the cause of the state sentence, then there would be relevant conduct, wouldn't there be? I think that the analysis goes in two parts, Your Honor. Garcia-Hernandez defined the term offense in guideline 5G1.3b, and Garcia-Hernandez said that the term offense refers to the underlying state conviction. Guideline 5G1.3b is amended, then links that offense, that underlying state offense, to the pending federal charge. Right, so you're just saying that Mr. Donovan's argument is not available, that we should not consider the parole violation to be an offense that resulted in the state conviction. We should only look at the original state conviction. That's correct, Your Honor. I think that's what Garcia-Hernandez requires. The original state conviction is not relevant conduct under guideline 1. That's correct, Judge Walker. It's not relevant conduct because the underlying state conviction didn't occur during the commission of, during the preparation for. But it's similar. Just like an armed back robbery might be similar, but it's five years earlier, and therefore it's relevant in the sense that that's the way he commits his crime. That's correct. Discrete acts, separate guns, separated by six years. One involved running from the police. One involved walking out of a convenience store and shooting someone. And between those two, that six-year period the defendant was in, the appellant was in prison several times. So at least it's the way the guidelines define relevant conduct. These are not relevant. These two offenses are not relevant conduct. So the appellant seems to make an argument also that this regime creates some disparities between Could you address that concern? Yes, Your Honor. I don't think it would have made a difference in this case if the appellant had pled to his parole violation before or after his federal sentencing because he was in state custody from the time of his arrest on December 6th until well after his federal sentencing. So regardless of when exactly his parole violation or his parole revocation took place, the parole authority would not have had authority to impose a concurrent sentence. That discretion would have ultimately resided with the district court because the district court sentence would have always either come after the parole revocation sentence finished or the district court could have decided to impose a concurrent. So I think whether the timing comes before or after the federal sentence, at least in the facts of this case, is largely immaterial because of the fact that the appellant Right. So is there any reason to think that if the plea came later, even if the state sentence were unresolved, couldn't the district court say, this sentence is going to run concurrently to whatever the parole, the new state sentence is that you're going to have? It could have, yes. Right. So then you would not necessarily have disparities. That's correct, Your Honor. Although even if you did, I mean, I suppose you'd say that doesn't make the guideline arbitrary or rational. District courts impose sentences based on the information they have before them. That's exactly right. And unless the federal sentencing was going to be adjourned ad nauseum until the state parole revocation was over, then I don't think that there's really much that the district court could have done. I'd like to address Mr. Donovan's second point, which is that the district court did not explain its reasoning for imposing a consecutive sentence. And there's no evidence in the record to suggest that the district court did not understand the factors that guided its discretion to impose a consecutive sentence. This court has identified what it calls a presumption that a district court understands the statutory factors that guide its discretion. And in this case, the district court identified the 3553A factors at Appendix 111 and 121. It stated at Appendix 109 that it had read the application note that's at issue here, and then it gave its reasoning for imposing its sentence. That's all this court's precedent would require of the district court. There is no requirement that the district court make individualized findings about how it weighs certain 3553A factors or how it's going to consider certain of the factors in Application Note 4 of Guideline 5G1.3. But the district court's reasoning was, as Judge Carney said, I think fairly robust. As the district court stated, the appellant in the prior seven years had either possessed or been in the vicinity of seven guns. One of those was involved in a shooting. He had run from the police. He had two prior parole revocations, alleged gang membership. And as the district court summarized the state of affairs, the appellant was, quote, roving the streets armed and dangerous. That's all the district court had to do to explain not only the reasons for its 30-month sentence, but for its decision to impose a consecutive sentence. And would the district court have to, I mean, even assuming there was some problem here, would the district court have to go through the general factors for imposing a consecutive sentence, or could it point to the policy in Application Note 4C that says, you know, in these circumstances, you should do a consecutive sentence? I think the district court could have pointed to the application note with the understanding, as long as the district court understood that that application note was only advisory, not binding. But I think as long as the district court explains its reasoning under 3553A for imposing the sentence, that's all that's required for also explaining its reasoning to impose a consecutive sentence because the district court's decision to impose a consecutive rather than a concurrent sentence is ultimately guided by 3553A. And that comes from 18 U.S.C. 3584, the statute that gives the district court authority to impose a consecutive or concurrent sentence. In a case like this, at least, the district court's reasons for imposing the sentence and imposing its consecutive sentence are largely one and the same, and they're ultimately grounded in 3553A, the need to deter the defendant to protect the public, the need to promote respect for the law. And there's no requirement, again, at least on these facts. It's also a kind of conceptual matter, though, I suppose, because, I mean, it's a little strange to impose a sentence without really knowing what the full sentence is going to be because you don't know what the state's going to do, right? That's correct, Your Honor. In a general sense, yes. I think on the facts of this case, although defense counsel below, I think, attempted to or perhaps was confused as to the length of the appellant's undischarged parole or vacation sentence, there really wasn't much of a question about how much time he had left to serve. The district court had before it a transcript of the appellant's parole revocation hearing, which stated that he would be released from state parole on September 27th of 2022. That fact was also in the PSR, which was an objected to. So ultimately, if there was maybe uncertainty about the length of time the appellant would spend in state custody, here, at least, we're talking about likely a matter of months. We're not talking about a matter of years. And I think that's important because we're talking about whether the appellant's state time would be X months or X plus two months or X plus three months, not adding years to it. And given the relatively small, I think, discrepancy or uncertainty about the length of the appellant's state sentence, the district court could have very well decided that whatever that discrepancy might be, a consecutive sentence was still necessary under 3553A, given the appellant's history, given his record. Can I ask you about your argument that the decision to impose a consecutive sentence is just based on the 3553A factors? I mean, Section 5G 1.3 Application Note 4A sets forth all of these factors that the district court should consider in determining whether you're going to have a consecutive sentence, right? Correct. The first factor is the 3553A factors. But then there are additional factors, right, the type and length of the prior undischarged sentence, the time served in the discharged sentence, the fact that the prior undischarged sentence may have been imposed in state court, or at a different time, any other circumstances relevant to the determination of an appropriate sentence. So don't we know that actually there are additional factors that the district court has to consider when deciding about consecutive versus concurrent? There are, yes, Your Honor. There are additional factors. I think most of those were, other than the 3553A factors, most of those were undisputed in this case. So, yes, the district court should consider those factors. But ultimately, the district court's discretion or authority to impose a consecutive rather than a concurrent sentence comes from statute and not the guidelines. And that's from 3584, which points to a sole question for the district court to decide. So do you think Application Note 4A is inconsistent with the statute? No, Your Honor, not at all, Your Honor. 3584 provides very broad discretion for the district court. It doesn't really say much more than you can impose a consecutive or a concurrent sentence. I think 5G1.3 just channels that discretion based on- And in terms of these other factors, the type and length of the prior undischarged sentence, the time served or likely to be served, that before release, the state court versus federal court, I mean, the district court did consider those factors. That's correct, Your Honor. I think the record establishes that the district court understood everything, and its decision to impose a consecutive sentence was not an abuse of discretion. So unless the court has questions, I'll ask that the judgment be affirmed. Thank you. Okay, thank you very much, Mr. Cooley. We'll turn back to Mr. Donovan on rebuttal. Thank you, Your Honor. I guess I have two points to make. First of all, Judge Walker is absolutely right that the gun charge that gave rise to the parole that was revoked is not the relevant conduct. What we're claiming is we cannot prevail unless you accept our argument that it can be both the underlying conduct and the conduct that gives rise to probation violation. And then the second point is, one of the things that's disturbed me throughout the course of reviewing the record below is, the district court did have the transcript of the parole violation proceeding, and it's pretty clear that they sentenced him, that he was going to serve up his parole in prison to a certain date. But throughout the course of the sentencing memoranda and the argument, defense counsel seemed to be suggesting that he was going back to the state parole commission in order to get the state time to run concurrently to federal time. And the district judge didn't really concentrate on that. And that plays into our argument that he didn't consider the factors that are set forth in adaptation note 4A, didn't properly determine and set forth the reasons for running the sentence consecutively. So for all those reasons, I— At the sentencing hearing, didn't the defense counsel say, if you make it concurrent, it's going to be a sentence of 39 months? That's what the government's request is, and I think that's unreasonable? Yeah, I guess he did video, but I think he was— So it was before the district court what the total sentence was going to be if he decided to do it concurrently. Or sorry, consecutively. Right. The district judge knew what the parole commission had sentenced him to. That's right. That is right. Right. Okay. Thank you very much. Thank you. Thank you very much, Mr. Donovan. The case is submitted.